JAMES F. McKAY III, Judge.
 

 | tin this property damage case, the plaintiff, Linda Marra, appeals a judgment in favor of the defendant, Dr. Cris Man-dry, and the dismissal of her claim.
 
 [1]
 
 We affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Linda Marra owned a boathouse located at 31 South Roadway in the New Orleans Marina and Dr. Cris Mandry owned the neighboring boathouse located at 32 South Roadway. A few months after Ms. Marra moved into her boathouse, Dr. Mandry began renovating his boathouse. Ms. Marra claims that her roof and boathouse were damaged during the course of Dr. Mandry’s renovations.
 

 Dr. Mandry discussed this matter with his contractor who informed him that Ms. Marra’s roof was in poor condition before Dr. Mandry commenced any work on the boathouse, that roofing tar on Ms. Marra’s roof was dried and cracked, and that rusty seams and nail heads in the corrugated roofing materials were visible and exposed to the elements. However, in an attempt to placate Ms. Marra, Dr. 12Mandry agreed to have some waterproofing/leak proofing material applied to Ms. Marra’s roof at his own expense. However, Ms. Marra continued to complain of leaks after this work was completed.
 

 Ms. Marra filed several insurance claims for damages to her boathouse caused by Hurricanes Isadore and Lili in 2002 and Tropical Storm Matthew in 2004. The adjusters on these claims agreed that the damages to the roof were caused by these storms. Hurricane Katrina destroyed Ms. Marra’s boathouse in 2005.
 

 Ms. Marra filed a suit for damages against Dr. Mandry pursuant to Civil Code articles 662 and 667. The case was tried before a jury and the jury returned a
 
 *502
 
 verdict, which denied Ms. Marra’s claims for damages. The trial court entered a final judgment on this verdict and it is from this judgment that Ms. Marra now appeals.
 

 DISCUSSION
 

 In this appeal, Ms. Marra raises the following three assignments of error: 1) the trial judge committed reversible error to admit collateral source benefits; 2) the trial judge committed an abuse of discretion to admit evidence in violation of Article 403, Louisiana Code of Evidence; and 3) the trial court never attempted to instruct the jury about the relevance, if any, of the collateral insurance payments.
 

 In her first assignment of error Ms. Marra contends that the trial judge committed reversible error in admitting collateral source benefits. The collateral source rule is intended to prevent a tort-feasor from gaining an advantage or credit |afor payments to a plaintiff independent of any act of the defendant, and to encourage plaintiffs to purchase insurance.
 
 See Louisiana Dep’t of Transportation and Development v. Kansas City Southern Railway Co.,
 
 2002-2349 (La.5/20/03), 846 So.2d 734. In the instant case, Dr. Mandry did not seek a credit for insurance payments and the insurance payments were not for the same damages allegedly caused by the work on Dr. Mandry’s boathouse. The fact that Ms. Marra’s damages may have been caused by another source is one of Dr. Mandry’s defenses. Evidence of Ms. Marra’s claims for hurricane and tropical storm damages is relevant and admissible for that purpose. Accordingly, the trial court did not err in allowing evidence of payments made by Ms. Marra’s insurers for wholly separate incidents because a payment made by an insurer for a separate incident is not a payment from a collateral source.
 

 In her second assignment of error Ms. Marra contends that the trial judge committed an abuse of discretion in admitting evidence in violation of Article 403, Louisiana Code of Evidence. According to Louisiana Code of Evidence Article 403: “Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.” In the instant case, the information sought is relevant as to the cause of Ms. Marra’s damage. She reported wind damage to her insurers and the insurance adjusters agreed that the storms damaged her roof. The probative value of this evidence Loutweighs the prejudice to her case. Accordingly, the trial court did not abuse its discretion in admitting this evidence.
 

 In her final assignment of error, Ms. Marra contends that the trial court never attempted to instruct the jury about the relevance, if any, of the collateral insurance payments. Louisiana Code of Civil Procedure Article 1793(c) provides that a party cannot appeal the trial court’s failure to give a jury instruction unless that party timely objects.
 
 See
 
 La. C.C.P. art. 1793(c). In order to preserve the argument for appeal, a party must specifically object and state the reasons for the objection.
 
 Seal v. State Farm Fire & Cas. Ins. Co.,
 
 2001-2375, p. 3 (La.App. 4 Cir. 3/20/02), 816 So.2d 868, 871;
 
 In Re Asbestos v. Bordelon, Inc.,
 
 96-0525, p. 12 (La. App. 4 Cir. 10/21/98), 726 So.2d 926, 940. In the instant case, the plaintiff did not timely object to the trial court’s failure to include a collateral source instruction. The plaintiff did, however, raise objections to other proposed jury charges. Accordingly, Ms. Marra waived the right to raise this alleged error on appeal by failing to
 
 *503
 
 timely object and to clearly explain the objection.
 

 CONCLUSION
 

 For the above and foregoing reasons, we find no error or abuse of discretion on the part of the trial court and we affirm the judgment of the court below.
 

 AFFIRMED.
 

 [1]
 

 . Ms. Marra’s lawsuit against Dr. Mandry was consolidated with a lawsuit by The Board of Commissioners of the Orleans Levee District against Dr. Mandry. The Levee Board's suit against Dr. Mandry was eventually settled and is not at issue in the present appeal.